IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03599–RM–KMT

HEATHER FISHER,

    Plaintiff and Counterclaim Defendant,

v.

JERRY MARTELL,

    Defendant/Counterclaim and Third-Party Plaintiff,

v.

JACK FISHER,

    Third-Party Defendant.

---

# ORDER

---

    This matter is before the court on "Plaintiff Heather Fisher's Motion for Leave to Amend Her Complaint to Seek Exemplary Damages Against Defendant Jerry Martell" (Doc. No. 26, filed April 3, 2020), to which Defendant responded (Doc. No. 26, filed April 3, 2020) and Plaintiff replied (Doc. No. 38, filed April 29, 2020).

    On November 11, 2019, Plaintiff Heather Fisher filed this lawsuit in Colorado state court against Defendant Jerry Martell. (Doc. No. 4.) Defendant Martell removed the case to federal court, on December 19, 2019, on the basis of diversity jurisdiction. (Doc. No. 1 at 2-3.)

    In her initial Complaint, Mrs. Fisher alleges that on June 4, 2018, she was at her residence with her husband, Jack Fisher, when a dog owned by their neighbor, Jerry Martell,

attacked horses owned and stabled by the Fishers. (Doc. No. 4, ¶¶ 4-6.) Mr. Fisher screamed at the dog, hopeful it would get the dog to stop, but the dog continued his attack. (*Id.*, ¶ 8.) Mr. Fisher then shot the dog in its shoulder with a shotgun. (*Id.*, ¶ 9.) Mr. and Ms. Fisher picked up the injured dog and began to carry it to the residence of Ms. Martell, so that Ms. Martell could get the injured dog medical care. (*Id.*, ¶ 10.)

Mrs. Fisher alleges that, while walking down their driveway toward Ms. Martell's residence, Ms. Martell sped in a pick-up truck onto the Fishers' property and into their driveway. (*Id.*, ¶ 11.) This caused Mr. Fisher to drop the dog, and then Mrs. Fisher alleges Ms. Martell drove over her dog with the truck, killing it. (*Id.*, ¶¶ 12, 13.) Mrs. Fisher alleges that Ms. Martell's vehicle then struck Ms. Fisher. (*Id.*, ¶ 14.) In her original Complaint Mrs. Fisher asserts a claim for negligence against Ms. Martell. (*Id.* at 1.)

Mrs. Fisher moves to amend her complaint to add exemplary damages based on Ms. Martell's "recklessly and heedlessly striking Mrs. Fisher wither vehicle." (Doc. No. 26 at 1.) The proposed Amended Complaint, attached as an exhibit to the motion to amend, adds a second claim for relief for exemplary damages.[1] (*See* Mot., Attach. 3 at 3.) In the proposed Amended Complaint, Mrs. Fisher alleges that "Ms. Martell's conduct of speeding her vehicle into the driveway of the Fishers' where Mr. Fisher was walking was done with wanton and willful disregard of the risk of harm to Ms. Fisher." (*Id.*, ¶ 19.) Mrs. Fisher further alleges that "[a]s a

---

[1] As a technical matter, Mrs. Fisher request to add a "claim" for punitive damages is misstated. In Colorado, punitive damages is not an independent, stand-alone cause of action. *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 213 (Colo. 1984). Rather, it is a remedy available in conjunction with an underlying claim for actual damages. *Id.*; *see also Mason v. Texaco, Inc.*, 948 F.2d 1546, 1554 (10th Cir. 1991) ("A punitive damage claim is not an independent cause of action or issue separate from the balance of a plaintiff's case.").

result of Ms. Martell's disregard for the risk of harm to Ms. Fisher, speeding near where Mr. Fisher was walking, Ms. Fisher was struck by Mrs. Martell's vehicle." (*Id.*, ¶ 20.) As a result, Mrs. Fisher alleges she suffered injuries and damages for which exemplary damages should be awarded. (*Id.*, ¶ 21.)

Federal Rule of Civil Procedure 15(a), which applies here,[2] provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.").

In diversity cases, the award of punitive damages is a matter of state law. *Klein v. Grynberg*, 44 F.3d 1497, 1503 (10th Cir. 1995). Under Colorado law, which applies here, punitive damages are only available via statute. *Ferrer v. Okbamicael*, 390 P.3d 836, 847 (Colo. 2017) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). Colorado Revised Statute § 13-21-102 sets out the standard for punitive damages in Colorado, providing that "the injury

---

[2] Mrs. Fisher filed her motion for leave to amend on April 3, 2020, prior to the deadline to file amended pleadings. (*See* Doc. No. 25; Doc. No. 33.). Because Mrs. Fisher's motion was timely, the Rule 15(a) standard applies. *See* Fed. R. Civ. P. 15(a), 16(b).

complained of [must be] attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a); *Qwest Services Corp. v. Blood*, 252 P.3d 1071, 1092 (Colo. 2011). Section 13-21-102(1.5)(a) provides that a request for punitive damages "may not be included in any initial claim for relief," but instead "may be allowed by amendment to the pleadings only after . . . the plaintiff establishes *prima facie* proof of a triable fact." [3] Colo. Rev. Stat. § 13-21-102(1.5)(a). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980). The evidence submitted must show "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp. v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (en banc) (quoting *Leidholt*, 619 P.2d at 771 n. 3). To add punitive damages to her requested relief, therefore, Mrs. Fisher must set forth *prima facie* proof that Defendant acted with "willful and wanton conduct."[4] *See* Colo. Rev. Stat. § 13-21-102(1.5)(a).

Section 13-21-102(1)(b) defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-

---

[3] The Tenth Circuit has not addressed whether § 13-21-102(1.5)(a), which is procedural in nature, is applicable to a motion to amend in a federal diversity case applying Colorado law, or whether the inquiry is governed, solely, by Rule 15(a). Lower courts have found the Colorado statute to be applicable in such cases. *See, e.g., Espinoza v. Am. Family Mut. Ins. Co.*, No. 08-cv-00709, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008); *Am. Econ. Ins. Co. v. William Schoolcraft, M.D.*, 2007 WL 160951, at *1-2 (D. Colo. Jan. 17, 2007). Further, neither party in this case disputes the applicability of the statute to the determination of whether Mrs. Fisher can add a claim for exemplary damages. Therefore, the court will apply § 13-21-102(1.5)(a) to the facts of this case.

[4] Mrs. Fisher does not allege that punitive damages are appropriate due to fraud or malice. *See* Colo. Rev. Stat. § 13-21-102(1)(a).

102(1)(b). "[W]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." *Qwest*, 252 P.3d at 1092 (quoting *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005)).

In support of her motion to amend, Mrs. Fisher has attached a Summary of the El Paso County Sheriff's Office. (Mot., Attach. 1.) In the Summary, the investigating officer notes the following regarding the allegations at issue:

> Mrs. Fisher said their residence is equipped with exterior surveillance cameras and should have caught the incident on camera. Mrs. Fisher showed me the surveillance footage on her phone. I observed Mr. and Mrs. Fisher walking down the driveway from the barn while both were carrying the injured dog. I observed a black pickup truck speed towards Mr. and Mrs. Fisher, striking them, and then coming to a full stop. In the video, the vehicle can be seen bouncing backward as it struck Mr. and Mrs. Fisher, indicating the large amount of force at which Mr. and Mrs. Fisher were struck. In the video, there is room to the left and the right of Mr. and Mrs. Fisher in which the female party could have turned her vehicle in order to keep from hitting them. There was also ample room from the beginning of the driveway to the cul-de-sac for the female party to stop the vehicle.

(*Id.* at 3.) Ms. Martell opposes Mrs. Fisher's motion to amend. Mrs. Martell argues that she denies striking Mrs. Fisher with her vehicle, but that, even if she did, that action alone does not meet the threshold of prima facie proof of willful and wanton conduct because her actions were "merely negligent." (Doc. No. 34 at 2.)

Nevertheless, it is well-settled that a plaintiff need only put forth evidence to establish a *prima facie* case of willful and wanton conduct to satisfy the requirements of § 13-21-102(1.5)(a). *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 2018 WL 3055772, at *4 (D. Colo. May 10, 2018) ("At this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make

5

out a *prima facie* case of willful and wanton behavior for the purpose of allowing Plaintiffs to amend their Complaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to result in a jury verdict in Plaintiffs' favor.") The court finds the allegations in the proposed Amended Complaint and the evidence provided by Mrs. Fisher, viewed in the light most favorable to Mrs. Fisher, suffice to make out a *prima facie* case of willful and wanton conduct under § 13-21-102.

Moreover, there is no indication that Mrs. Fisher acted in bad faith or with undue delay in seeking her amendment. Mrs. Fisher moved to amend her pleading within the scheduling order deadline. (*See* Doc. No. 25.) Further, as Mrs. Fisher correctly points out, § 13-21-102(1.5)(a) allows a plaintiff to request punitive damages only after the exchange of initial disclosures, as an amendment to the pleadings. *See* Colo. Rev. Stat. § 13-21-102(1.5)(a). Ms. Martell has not shown, nor even argued, that unfair prejudice will result from the amendment. Indeed, the proposed Amended Complaint does not set forth any new factual allegations or causes of action. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (noting that "[c]ourts typically find prejudice only when . . . the amended claims arise out of a subject matter different from what was set forth in the complaint and raise new factual issues"). For these reasons, Mrs. Fisher is entitled to amend her complaint to add exemplary damages. *See Squires, ex rel. Squires v. Goodwin*, No. 10-cv-00309, 2012 WL 37508, at \*5 (D. Colo. Jan. 9, 2012) (granting a plaintiff's motion to add a claim for punitive damages, because the request was not untimely or prejudicial to the Defendant, and because the plaintiff alleged that the defendant's conduct was "heedless, reckless, and/or without disregard to the consequences"). The court emphasizes that this Order does not evaluate or address the merits of awarding exemplary damages in this case,

but is limited to recognizing that the issue of exemplary damages may be properly included in the pleadings at this point.

Accordingly, it is

**ORDERED** that "Plaintiff Heather Fisher's Motion for Leave to Amend Her Complaint to Seek Exemplary Damages Against Defendant Jerry Martell" (Doc. No. 26) is **GRANTED**. The Clerk is directed to file Plaintiff's Amended Complaint (Doc. No. 26-3).

Dated this 9th day of October, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

7