IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03599–RM–KMT

HEATHER FISHER,

    Plaintiff and Counterclaim Defendant,

v.

JERRY MARTELL,

    Defendant/Counterclaim and Third-Party Plaintiff,

v.

JACK FISHER,

    Third-Party Defendant.

# ORDER

    This matter is before the court on Jerry Martell's "Partially Opposed Motion to Amend Scheduling Order [Doc. 25] Re Discovery Cutoff and Disclosure of Expert Witnesses[Doc. 44]" [Doc. No. 48] ("Mot."). The Fishers, wife Heather as Plaintiff and husband Jack as Third-Party Defendant, filed a Response. [Doc. No. 54]. Ms. Martell filed a Supplement to her motion, with leave of the court, on November 2, 2020. [Doc. No. 55.] Ms. Martell also filed a related "Motion for Extension of Time to Serve Rebuttal Expert Disclosures" [Doc. No. 56] ("Second Mot."). No response to that motion has yet been filed.

## *LEGAL STANDARDS*

Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The advisory committee notes to this Rule provide: "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts.")

Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the court considers the following factors:

> (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted).

*Bagher v. Auto-Owners Ins. Co.,* No. 12-cv-00980-REB-KLM, 2013 WL 5417127, at *2 (D. Colo. Sept. 26, 2013) (citing *Smith*, 834 F.2d at 169)*; see also Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) ("While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the ... scheduling order is not advisable." *Cf. Okla. ex rel. Doak v. Acrisure Bus. Outsourcing Servs., LLC*, 529 F. App'x 886, 891 (10th Cir. 2013) (finding no abuse of discretion when the

district court refused to amend the scheduling order to extend all deadlines—including expert designations—because the moving party failed to show good cause for the extension).

### *ANALYSIS*

The court is somewhat confused about exactly what Defendant Martell is requesting from the court.  Counsel for Defendant Martell appears to be also confused about who his client actually is and what injuries Defendant Martell has suffered and how those injuries came about. (*See* Second Mot. at ¶¶ 3, 4 and 12, referring to Plaintiff Martell being "injured when struck by the vehicle"[1]; referring to Plaintiff Martell, and the need for depositions of Heather Fisher and certain law enforcement agents to be completed so that "Plaintiff Heather Fisher can properly prepare for rebuttal to Plaintiff Fisher's expert disclosures"[2]; and referring to Defendant Heather Fisher as the person making the request for extension of the rebuttal expert disclosures.  While the court recognizes that Ms. Martell is both a Defendant and a Third-Party Plaintiff, in the context of the statements it is clear that counsel is conflating the parties and vastly confusing the issues brought to the court for resolution.

From what the court can glean, however, both parties agree to an extension of the current discovery cut off date until the end of January in order to complete the depositions of Heather Fisher, Jerry Martell, and law enforcement personnel called to the scene.[3]  Based on the

---

[1] The allegation is that Plaintiff Heather Fisher was stuck by a vehicle driven by Defendant Martell and that Defendant Martell was injured when Defendant Martell exited her own vehicle and was physically attacked by Plaintiff Heather Fisher and Third Party Defendant Jack Fisher. (Amended Complaint [Doc. No. 46], ¶¶ 11, 14, 16; Defendant Martell's Counterclaims and Third Party Complaint [Doc. No. 6], ¶¶ 7, 9, 10.)
[2] Plaintiff Heather Fisher would not be rebutting her own experts.
[3] The Motion states that "Ms. Fisher and Ms. Martell, as well as the investigating officers, have not yet been deposed."  (Mot. at ¶ 7.)

3

argument, application of the six factors and agreements of the parties, the court finds that good cause for extension of the discovery cut-off date has been shown. The same, however, cannot be said of the expert disclosure deadlines.

Affirmative expert witness disclosures were originally due in this case September 18, 2020. (Scheduling Order at 9.) Upon stipulation of the parties, the court extended that date to October 23, 2020.[4] [Doc. No. 44.] Notably, the parties did not seek to extend the time for disclosure of rebuttal experts, so that deadline officially expired on October 18, 2020.[5] [6] (Scheduling Order at 9.) Obviously, this failure to address rebuttal expert disclosure was a mistake by the requesting party which the court did not rectify in its re-scheduling minute entry. Therefore, fairness dictates that the court deem the expert rebuttal deadline to have been November 23, 2020.[7]

Ms. Martell apparently made disclosure of her affirmative medical treating experts on the due date, October 23, 2020.[8] Therefore, the request for extension apparently is directed only at additional experts Ms. Martell characterizes as "an expert in accident reconstruction/mechanical engineering/biomechanical engineering, and veterinary sciences." (Mot. at 4.)

---

[4] The Motion was filed on the day affirmative experts were due to be disclosed.

[5] The parties did not mention rebuttal experts in their stipulated motion for extension of the discovery cut off. The extension motion was granted; the form proposed order [Doc. No. 42-1] suggested a rebuttal expert deadline of November 22, 2020. This order was not signed or entered by the court.

[6] In her Motion to extend the deadline for rebuttal experts, Ms. Martel claims the rebuttal expert deadline was November 23, 2020. [Doc. 56 at ¶ 2.]

[7] November 22, 2020 fell on a Sunday, therefore the court would have set the date as November 23, 2020 if it had caught the original error and set a new rebuttal expert disclosure deadline *sua sponte*.

[8] Corresponding medical records were provided October 29, 2020. The Fishers do not object to the provision of the records after the October 23, 2020 date. (Resp. at 2.)

According to the motion at issue, Ms. Martell seeks an <u>affirmative</u>[9] expert disclosure date of January 29, 2021. (Mot. at 4.) Again, the court is confused as to Ms. Martell's actual request since her later filed motion seeking extension of the <u>rebuttal</u> expert disclosure deadline proposes a disclosure date of January 28, 2020. (Second Mot. at 4.) Neither of these dates actually make any sense where the parties have agreed to complete discovery entirely by January 29, 2021. (Mot. at 3.) If the court granted both of Ms. Martell's requests, rebuttal experts would be due for disclosure *one day before* affirmative experts were to be disclosed. Additionally, since both affirmative and rebuttal experts would be disclosed within one day of the close of discovery, there would be no time for any party to conduct depositions of any of the experts.

More importantly, regardless of the date sought for extension of the two expert disclosure deadlines, Ms. Martell has not shown good cause sufficient to warrant an extension of either the affirmative or rebuttal expert designation deadlines.

Ms. Martell attributes the delay in designation of her experts to have been caused by her inability to depose Plaintiff Heather Fisher about her version of how she was injured by Ms. Martell's vehicle. Although the court gives some limited weight to this argument, there is no question that Ms. Martell has Ms. Fisher's statements given to the police and she also has the reports prepared by the officers at the scene regarding their findings. The automobile itself belongs to Ms. Martell and she has had the ability to have an expert examine the vehicle at any time. Finally, there does seem to be any dispute that Ms. Martell has all of Heather Fisher's

---

[9] In the Motion, Ms. Martell groups her engineering, veterinary science and medical treating experts together and requests an extension of *the* disclosure date (singular) as to all. (Mot. ¶ 14.) Throughout the motion Ms. Martell refers to the expert disclosure date as one date and directly references only the affirmative expert disclosures. At the time she filed her motion on October 23, 2020, there was one month remaining until any rebuttal experts were to be disclosed.

medical records evidencing the exact injury she allegedly suffered.  The court sees simply no reason why a mechanical/engineering/accident reconstruction expert report could not have been obtained in a timely manner.

As to Ms. Martell's proposed veterinary sciences expert, the court cannot fathom how the depositions of Ms. Fisher or anyone else would affect whatever opinion Ms. Martell expects from a veterinary sciences expert about a dog who undisputedly died before either Ms. Fisher or Ms. Martell suffered their alleged injuries.  Ms. Martell fails to explain the necessity for a veterinarian expert witness, but also why she could not have retained the services of such a person long ago and disclosed them on time.

Clearly the Fishers would be greatly prejudiced by the extended schedule proposed by Ms. Martell since they have timely made their disclosures, and under Ms. Martell's plan, the Fishers would have no opportunity to depose or question the late experts proposed by Ms. Martell.

Although no evidence of bad faith exists and a trial date has yet to be set, it appears that Ms. Martell's failure to disclose an accident reconstruction/engineering expert and a veterinary science expert, whether as an affirmative and/or rebuttal expert, was and is simply the result of a lack of diligence.  Applying the factors set forth in *Bagher,* the court finds there is no justification or good cause shown to extend the expert disclosure deadlines, both of which have now expired.

It is therefore **ORDERED**

1.	Jerry Martell's "Partially Opposed Motion to Amend Scheduling Order [Doc. 25] Re Discovery Cutoff and Disclosure of Expert Witnesses[Doc. 44]" [Doc. No. 48] is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** in that the Discovery Cut Off date is extended to January 29, 2021.  The dispositive motion deadline is also extended to March 2, 2021.  The motion is **DENIED** with respect to all requests to extend the expert disclosure dates.

2.	Jerry Martell's "Motion for Extension of Time to Serve Rebuttal Expert Disclosures" [Doc. No. 56] is **DENIED.**

Dated December 2, 2020.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge